UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYMAN M.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5375-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in articulating his residual functional capacity ("RFC"). (Dkt. # 21 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1972, has a 10th-grade education, and has previously held short-term miscellaneous jobs. AR at 111, 522. At the time of the most recent administrative hearing, Plaintiff was working as a state parks camp host. *Id.* at 109-10.

The procedural history of this case is lengthy and not in dispute. This case has involved three administrative hearings and three ALJ decisions, most recently a June 2019 decision

ORDER - 1

finding Plaintiff not disabled. *See* AR at 31-45. Utilizing the five-step disability evaluation process,[1] the ALJ found:

> Step one: Plaintiff has not engaged in substantial gainful activity since the application date.
>
> Step two: Plaintiff has the following severe impairments: degenerative disc disease, affective disorder, and anxiety disorder.
>
> Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> RFC: Plaintiff can perform light work with additional limitations: He requires a sit/stand option. He can occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and crawl, but cannot climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to heights, hazards, and heavy machinery, as well as to vibrations and extreme temperatures. The claimant can perform simple, routine tasks.
>
> Step four: Plaintiff has no past relevant work.
>
> Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

*Id.*

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

(cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

Plaintiff's opening brief lists one assignment of error, arguing that the ALJ erred in finding that Plaintiff required a "sit/stand option" without specifying how long Plaintiff could sit or stand at one time before alternating positions. (Dkt. # 21 at 1.)

This argument depends on a faulty understanding of the definition of a "sit/stand option," which refers to the ability to sit or stand at will, at intervals of the employee's preference. *See Sackett v. Berryhill*, 2019 WL 1787337, at *13-14 (D. Nev. Apr. 24, 2019) (surveying law in the Ninth Circuit to explain why "sit/stand option" means that the employee has the ability to sit or stand at will); *Swofford v. Comm'r of Social Sec. Admin.*, 2013 WL 3333063, at *6 (D. Or. Jul. 1, 2013) ("[C]ommon sense dictates that a 'sit/stand option' means exactly what it says; plaintiff must have the option to either sit or stand at work. This is consistent with a requirement that plaintiff have the ability to 'sit or stand at will.'").

ORDER - 3

Thus, when the ALJ found that Plaintiff required a sit/stand option, he meant that Plaintiff need to be able to alternate positions at will and work in either position. A sit/stand option is distinct from a sit/stand alternative, which involves alternating between sitting and standing at distinct intervals. *See, e.g.*, *Dikov v. Social Sec. Admin.*, 2014 WL 6085842, at *8 (D. Or. Nov. 13, 2014) (distinguishing a sit/stand alternative from a sit/stand option). Plaintiff points to no evidence in the record suggesting that the ALJ contemplated a sit/stand alternative, rather than a sit/stand option.

Indeed, the ALJ referred to a "sit/stand option" in the hypothetical posed to the vocational expert ("VE"). AR at 131-33. Obtaining VE testimony on this issue was particularly helpful because, as emphasized in Social Security Ruling 83-12, many light, unskilled jobs do not ordinarily permit an employee to sit or stand at will. *See* 1983 WL 31253, at *4 (Jan. 1, 1983). The VE identified three jobs that do accommodate such a limitation, however. AR at 131-33. Although Plaintiff suggests that the ALJ and the VE did not have a "meeting of the minds" about the definition of a sit/stand option (dkt. # 24 at 2), there is no evidence in the record of any confusion on this point.

Because the term "sit/stand option" is well-defined and does not imply alternating positions at any specific interval, the Court rejects Plaintiff's argument that the ALJ's RFC assessment and/or VE hypothetical lack specificity.

//
//
//
//
//

ORDER - 4

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 26th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge